**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA LILLIAN ORTIZ-VILLALOBOS; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-328 <br><br> Agency Nos. <br> A201-567-005 <br> A201-567-006 <br> A201-567-007 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Marta Lillian Ortiz-Villalobos and her minor sons, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because petitioners do not contest the BIA's determination that they waived challenge to the IJ's dispositive determination that minor petitioner D.E.G.-O. did not establish nexus to a protected ground, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

We do not disturb the agency's determination that Ortiz-Villalobos failed to establish she suffered harm that rises to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Because petitioners do not contest the BIA's determination that they waived challenge to the IJ's determination that Ortiz-Villalobos did not establish her future fear is objectively reasonable, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

Thus, petitioners' asylum and withholding of removal claims fail.

23-328

Because petitioners do not contest the BIA's determination that they waived challenge to the IJ's denial of CAT protection, we do not address it. *See id.* Petitioners' contentions as to the merits of their CAT claims are not properly before the court because they failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**